# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Brief April 7, 2006

## STATE OF TENNESSEE, ex. rel., JACQUELINE EVONNE CHEARS v. JOHN EDWARD BARRETT

**Direct Appeal from the Juvenile Court for Shelby County**
**No. R6373     George E. Blancett, Special Judge**

---

**No. W2005-02621-COA-R3-JV - Filed July 19, 2006**

---

The juvenile court established child support based on a finding that the obligor was capable of earning $6 per hour. Having determined that the record before us contains no evidence to support that finding, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Edwin C. Lenow, Memphis, Tennessee, for the appellant, John Edward Barrett.

Paul G. Summers, Attorney General and Reporter, and Juan G. Villasenor, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION[1]

A petition was brought by the State of Tennessee and Petitioner Jacqueline Evonne Chears (Mother) seeking to establish a duty of support by the Defendant, John Edward Barrett (Father) for the support of a minor child J.L.B. born June 28, 2004. The petition was filed August 1, 2005 and the record before us does not contain a responsive pleading. The matter was heard before the

---

[1]**RULE 10. MEMORANDUM OPINION**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Juvenile Court of Memphis and Shelby County on September 23, 2005, at which time the court ordered Father to pay the sum of $381 monthly as child support. The court further ordered Father to purchase and maintain medical insurance coverage for the minor child.[2] Retroactive child support was established in the amount of $3,500 to be paid at the rate of $25 monthly. The child support and credit worksheets were admitted into evidence as collective Exhibit A.

Father filed a timely notice of appeal to this Court and presents the issue "[w]hether the Juvenile Court abused his discretion in setting child support payments."

The record discloses that Mr. Barrett receives Social Security income for disability in the amount of $579 per month which he testified he began receiving in January 2000. He testified that he had not been regularly employed since 1994. The juvenile court special judge determined that Mr. Barrett was capable of earning $6 per hour which translated to $1,040 per month, the figure used to calculate his income on the worksheet. The testimony upon which the court so concluded is as follows:

[Court]: Does your SSI keep you from totally working, it disqualifies you from working?

Mr. Barrett: To do certain things not suppose to do lifting or walking.

[Court]: So you're able to do certain sedentary work. Where you don't have to do lifting. Have you [tried] to do any?

Mr. Barrett: Yes, sir that how I was giving her money.

[Court]: Okay and how much do you get an hour when you try to do what you can do?

Mr. Barrett: How much what?

[Court]: How much can you make an hour when you do your minimal task?

Mr. Barrett: I don't get paid by the hour someone wants me to paint small things.

[Court]: So you're able to paint?

Mr. Barrett: Certain things.

---

[2]Mother testified that the child is covered through healthcare insurance that she has at her place of employment for which she pays $25 twice a month.

[Court]: So, if you were going to market your skills uh you think you would be worth $7.00 an hour?

Mr. Barrett: (Inaudible)

[Court]: Well we are going to have to get a [sic] cause your [sic] able to do some work, so we got to find out what your earning ability is since you're not earning. That what we got to be looking at. And if you're able to do painting you even do odd jobs.

Mr. Barrett: I said I did painting. Didn't say I was able to paint.

[Court]: You said you did paint.

Mr. Barrett: I said I did it on my own for my self.

. . . .

[Court]: Okay, Okay it appears from Mr. Barrett['s] testimony that he is able to do certain task even thoe [sic] he does qualify for SSI uh an uh and he has done certain things which he could earn $6.00 an hour. That would make his income ability that would generate an income of $1,040 a month. So we are going to use that as a basis.

The worksheet states that Mother's monthly gross income and adjusted gross income is $1,070.33. This is contrary to her testimony and the State concedes that this was an error and that the correct amount if $1,707.73.

Our review of findings of fact by the court below are *de novo* upon the record, accompanied by a presumption of the correctness of the findings unless the evidence preponderates to the contrary. Given the status of the record before us, we do not find sufficient evidence to support the trial court's finding that Mr. Barrett is capable of earning $6.00 per hour. Therefore, the judgment of the trial court is reversed and this cause is remanded to the trial court for a recalculation of the child support obligation. Costs of this appeal are taxed to the State of Tennessee.

_____
DAVID R. FARMER, JUDGE

-3-